UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Isaac Murray**, | ) | C/A No. 3:05-1544-MJP-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| President George Bush, Dept USA; | ) | |
| Secretary General FNU Scheffer, NATO Dept; | ) | |
| UN Secretary FNU Kofiana, UN Dept; | ) | |
| All Nations' Depts; | ) | |
| All Countries' Depts; | ) | |
| All States' Depts; | ) | |
| All Cities' Depts; | ) | |
| All Counties' Depts; | ) | |
| All Provinces' Depts; | ) | |
| All Territories and Does in the World; | ) | |
| FNU Holling, all SC; | ) | |
| FNU Thurmond, all deceased or heirs; | ) | |
| Food and Drugs, all USA; | ) | |
| Surgeon General all; and | ) | |
| All Does, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Isaac Murray (Plaintiff), representing himself, has filed this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff also filed a motion to proceed *in forma pauperis*. The complaint lists many defendants, but fails to state a cognizable claim against any of the defendants. The complaint fails to state a claim on which relief may be granted and is frivolous. The complaint should be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(I) and (ii).

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

### *In Forma Pauperis* and *Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: <u>Neitzke v. Williams</u>, 490 U.S. 319, 324-25 (1989); <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); and <u>Gordon v. Leeke</u>, 574 F.2d 1147 (4th Cir.), *cert. denied*, 439 U.S. 970 (1978).

The complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. <u>Neitzke v. Williams</u>, 490 U.S. 319 (1989); <u>Allison v. Kyle</u>, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, <u>Hughes v. Rowe</u>, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a

2

district court may not rewrite a petition to include claims that were never presented, <u>Barnett v. Hargett</u>, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, <u>Small v. Endicott</u>, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986).

## **Background**

Plaintiff is a patient in a psychiatric hospital and files the above-captioned case along with two other companion cases. *See* C/A No. 3:05-1560-MJP-JRM and 3:05-1571-MJP-JRM. Plaintiff also has four cases pending that basically relate to the plaintiff's involuntary commitment to the psychiatric hospital. *See* C/A No. 3:05-341-MJP; C/A No. 3:05-1359-MJP; C/A No. 3:05-1444-MJP; and C/A No. 3:05-1450-MJP. Three of the four prior cases have been recommended for dismissal based on Plaintiff's failure to state a claim upon which relief could be granted. Plaintiff's case herein presents the same flaw.

The complaint claims Plaintiff wrote a letter to the President of the United States, and possibly some of the other named defendants, while confined in the State Hospital. Apparently the letter stated "or suffer the consequences," so he was investigated by law enforcement officers and the Secret Service, which resulted in Plaintiff being "on restriction for just about 2 years." Complaint at 4. Plaintiff then states "Deadline Sept. 31, 2004. My final letter to all of the above and was supposed to have been heard by all human being in the world." <u>Id</u>. The complaint then apparently summarizes the letter, which stated "what are not to be seen on the waterways, on the hyways [sic], in the airways." <u>Id</u>. Plaintiff requests as relief "a public hearing," and that "all found giuty [sic] of any law be it man or God," as well as demands "$999 zillion dollars and 99 cents is to be collected for me."

3

Complaint at 5.

## Discussion

Although the Court is bound to liberally construe his *pro se* complaint, Plaintiff must allege a factual basis to state a claim, not simply make conclusory statements. <u>Brown v. Zavaras</u>, 63 F.3d 967 (10th Cir. 1995)("pro se litigants must do more than make mere conclusory statements regarding constitutional claims."); *see also* <u>Adams v. Rice</u>, 40 F.3d 72 (4th Cir. 1994) (affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); <u>White v. White</u>, 886 F.2d 721, 723 (4th Cir. 1989) (where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). A plaintiff proceeding under 28 U.S.C. § 1915, "must meet certain minimum standards of rationality and specificity." <u>Adams v. Rice</u>, 40 F.3d at 74. Plaintiff's complaint fails to state with specificity factual allegations against the individual defendants. In fact, the complaint contains no factual allegations that could be construed to state a cause of action against any of the named defendants.

The Fourth Circuit states the "test for frivolousness" is a finding that "'beyond doubt' and under any 'arguable' construction, 'both in law and in fact' of the substance of the plaintiff's claim that he would not be entitled to relief." <u>Boyce v. Alizaduh</u>, 595 F.2d 948, 952 (4th Cir. 1979), quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-6 (1957). Construing Plaintiff's complaint liberally does not change the fact that no claim has been stated against the named defendants. The law and the facts cannot be construed in such a way that would state a claim which entitles Plaintiff to relief. The case is frivolous and fails to state a claim, so it should be dismissed pursuant to § 1915(e)(2)(B)(i) and (ii).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915 [district courts should review *in forma pauperis* cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the notice on the following page.

                Respectfully Submitted,

                s/Joseph R. McCrorey
                United States Magistrate Judge

June 24, 2005
Columbia, South Carolina

5

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
&
The *Serious Consequences* of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046  (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201**